IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. JENNINGS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-719-NJR |
| | ) |
| MR. GARDNER, SHERRY BENTON, | ) |
| and JANE DOE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James C. Jennings, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Menard Correctional Center. In the Complaint, Plaintiff alleges the defendants failed to protect him in violation of the Eighth Amendment when they denied his requests for protective custody.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**Discussion**

This is Plaintiff's second attempt to file this lawsuit. On November 11, 2017, Plaintiff filed a Complaint in *Jennings Jr. v. Garner*, Case No. 17-cv-1220-MJR-MAB. In that case, Plaintiff alleged that he was released from segregation into Menard's East House on June 17, 2017, and was approached by several "moes" who told him to check into protective custody for his own safety (*Garner* Case, Doc. 8, p. 2). He apparently owed money to several inmates. He requested protective custody, which was temporarily granted, but he was ultimately denied protective custody by Counselor Collins and Internal Affairs Officer Garner (*Id.* at p. 3). On July 20, 2017, he spoke to Chairperson Benton, but she also denied his request for protective custody. Six days later, Plaintiff was attacked in the gym by an inmate. (*Id.* at p 4).

Plaintiff was allowed to proceed with his failure to protect claim against the defendants. Jeannette Cowan was later substituted for Counselor Collins (*Garner* Case, Doc. 31). The case proceeded, and on October 9, 2018, Plaintiff informed the Court that he had been released from prison and provided his new address (*Garner* Case, Doc. 46). The case was subsequently set for a settlement conference. On December 7, 2018, Magistrate Judge Daly held a settlement conference, but Plaintiff failed to appear (*Garner Case*, Doc. 49). Defendants orally moved to dismiss the case for failure to prosecute (*Garner* Case, Doc. 50). The motion was set for hearing for December 19, 2018 (*Garner* Case, Doc. 51). Plaintiff was warned that failure to appear at the hearing would result in a dismissal of his claims. Plaintiff failed to appear at the hearing, and a Report and Recommendation was entered, recommending that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute (*Garner* Case, Doc. 53). Plaintiff had until January 7, 2019, to object to the Report and Recommendation; he failed to do so, and thus the case was dismissed with prejudice. On January 10, 2019, judgment was entered (*Garner* Case, Doc. 56).

Plaintiff's allegations in this case are nearly identical to his prior case. In fact, Plaintiff acknowledges that the case is identical, noting that he had to file another Complaint because he missed his deadline and directing the Court to his previous case for copies of documents (Doc. 1, pp. 1 and 5). His current case contains identical allegations. He alleges that he was released from segregation and subsequently warned on the yard by several "moes" to check into protective custody (Doc. 1, p. 7). The defendants denied his request for protective custody and a transfer to another prison. He was then attacked by the "moes" while in the gym (*Id.*).

Plaintiff's new claims are barred by res judicata. The doctrine of res judicata precludes parties from relitigating issues that were or could have been raised in a prior action in which there was a final judgment on the merits. *Highway J Citizens Group v. United States Department of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006). The three requirements for res judicata are: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Id.* (*quoting Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002)).

Here, there is identity of parties as Mr. Gardner and Sherry Benton were defendants in both the 2017 case and the present case. Although Plaintiff identifies a Jane Doe Head Supervisor in the present case, he indicates that it is the same defendant (Jeannette Cowan) that he named in the *Garner* case (Doc. 1, pp. 1 and 3).[1] Plaintiff's failure to protect claim is also identical to the failure to protect claim raised in his prior case. The dismissal of Plaintiff's prior case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) constituted a final judgment on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under

---

[1] The caption of his case indicates that there was a third defendant that he forgot the name of but that it should be on file with his other documents.

this subdivision (b)…operates as an adjudication on the merits."); *Taylor v. City of Chicago*, 334 F. App'x. 760, 761 (7th Cir. 2009) ("A dismissal for failure to prosecute operates as a final judgment on the merits.")

Although *res judicata* is an affirmative defense, the court may raise it when it is clear from the face of the complaint that the suit is frivolous. *See Gleash v. Yuswak*, 308 F.3d 758, 760-761 (7th Cir. 2002); *see also Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal on the basis of an affirmative defense prior to service is appropriate when "the validity of the defense [is] apparent from the complaint itself ... and unmistakable, so that the suit is fairly describable as frivolous."). Here, it is clear from the Complaint that Plaintiff's failure to protect claim is identical to the claim in his previously dismissed case and is barred by res judicata.

## Disposition

For the reasons stated, Plaintiff's Complaint is barred by res judicata. This action is **DISMISSED with prejudice**. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/14/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**